# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN MACIAS, MARTHA MACIAS, individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> WMC MORTGAGE CORP., a California Corporation, CHASE HOME FINANCE LLC, a California Limited Liability Company & DOES 1 through 20, <br><br> Defendants. | CASE NO. 09cv1374-WQH-JMA <br><br> ORDER |

HAYES, Judge:

The matters before the Court are (1) the Motion to Dismiss filed by Defendant Chase Home Finance LLC ("Chase") (Doc. # 13), (2) the Motion to Dismiss filed by Defendant WMC Mortgage Corp. ("WMC") (Doc. # 15), and (3) the Motion for Leave to Amend filed by Plaintiffs (Doc. # 21).

**I.   Background**

On June 25, 2009, Plaintiffs initiated this action by filing a Complaint in this Court. (Doc. # 1). On August 17, 2009, Plaintiffs filed a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). (Doc. # 9).

**A.   Allegations of the First Amended Complaint**

In June of 2006, Plaintiffs obtained financing from WMC in order to purchase a home in El Centro, California. (Doc. # 9 ¶¶ 6-7). During the loan application process, Plaintiffs stated their correct annual income. (Doc. # 9 ¶ 10). "Defendants completed the loan application for Plaintiffs and inserted an inflated income for the Plaintiffs, without disclosing

said change to them." (Doc. # 9 ¶ 21). "Based on the inflated income, Plaintiffs were able to obtain a loan, though Defendants were clearly aware that such loan could not be afforded by Plaintiffs." *Id.* At the closing, Plaintiffs were not informed of their right to rescind, nor were they provided with additional disclosures required by law. (Doc. # 9 ¶¶ 12-13, 23). On April 20, 2009, Plaintiffs received an Acceleration Warning and Notice of Intent to Foreclose regarding their home. (Doc. # 9 ¶ 16). Chase is the current servicing company of the loan, and "all actions that were made by the principal lender ... flowed through to ... Chase." (Doc. # 9 ¶¶ 8-9).

The First Amended Complaint alleges the following claims against all Defendants: (1) intentional misrepresentation; (2) breach of fiduciary duty; (3) breach of the covenant of good faith and fair dealing; (4) declaratory relief; (5) quiet title; (6) violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691; (7) violation of California Financial Code § 4970 et seq.; (8) negligence; (9) usury; (10) accounting; (11) violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. and the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1639; (12) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.; (13) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681a; (14) slander of title; (15) violation of California Business and Professions Code § 17200 et seq.; (16) violation of California Civil Code § 1632; (17) violation of California Civil Code § 2923.6; (18) violation of California Civil Code § 2923.5.

**B.     Pending Motions**

On September 3, 2009, Chase filed a Motion to Dismiss all claims in the First Amended Complaint. (Doc. # 13). On September 16, 2009, WMC filed a Motion to Dismiss all claims in the First Amended Complaint. (Doc. # 15).

On September 30, 2009, Plaintiffs filed a Notice of Bankruptcy Proceedings. (Doc. # 16). The Notice of Bankruptcy Proceedings notified the Court that on September 11, 2009, Plaintiffs Ruben Macias and Martha Macias filed a bankruptcy case under Chapter 7 of the United States Bankruptcy Code in the Southern District of California, Bankruptcy case number 09-136-86.

On October 14, 2009, the Court issued an Order stating that "this action, which was initiated by Plaintiffs prepetition, is not stayed. Any opposition to the Motions to Dismiss shall be filed no later than October 26, 2009. Any reply shall be filed no later than November 2, 2009." (Doc. # 17).

On October 26, 2009, the parties filed a joint motion for a thirty-day extension of time for Plaintiffs to file their opposition to the pending Motions to Dismiss. (Doc. # 18). The parties stated that "Plaintiffs' counsel needs additional time to contact the Bankruptcy attorney handling the Plaintiffs' case to determine how to proceed in this matter." (Doc. # 18 at 2). On October 27, 2009, the Court granted the motion for extension of time. (Doc. # 19).

On November 25, 2009, Plaintiffs filed an "Opposition [and] Statement of Non-Opposition to Motion to Dismiss and Request for Leave to Amend to Make a More Definite Statement" ("Motion for Leave to Amend"). (Doc. # 21). Plaintiffs assert: "The amended complaint was drafted by a contract attorney hired as the result of a lingering illness affecting Plaintiffs counsel and is admittedly deficient. As a result, Plaintiffs seek leave to amend and file a Second Amended Complaint." (Doc. # 21 at 3). Plaintiffs request leave to amend the following claims: the first claim for intentional misrepresentation; the fifth claim for quiet title; the tenth claim for an accounting; the eleventh claim for violation of the Truth in Lending Act; the twelfth claim for violation of the Real Estate Settlement Procedures Act; the fifteenth claim for violation of California Business and Professions Code § 17200; the seventeenth claim for violation of California Civil Code § 2923.6; and the eighteenth claim for violation of California Civil Code § 2923.5. Plaintiffs do not challenge the Motions to Dismiss, and do not seek leave to amend, the following claims: the second, third, fourth, sixth, seventh, eighth, ninth, thirteenth, fourteenth and sixteenth claims against all Defendants. "Plaintiffs request that all dismissals be granted without prejudice as discovery may reveal additional parties or facts supporting claims against existing parties that Plaintiffs are currently unaware of at this time." *Id*.

On December 4, 2009, WMC and Chase filed reply briefs in support of their Motions to Dismiss. (Doc. # 22, 23). Defendants contend that the First Amended Complaint should

be dismissed in its entirety and leave to amend should be denied on the grounds that Plaintiffs' proposed amendments would be futile.

## II. Discussion

### A. Leave to Amend

Plaintiffs concede that the First Amended Complaint is "deficient." (Doc. # 21 at 3). The parties dispute whether Plaintiffs should be granted leave to amend the First Amended Complaint.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182.

"Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

"While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that '[d]enial of leave to amend on [futility] ground[s] is rare.'" *Defazio v. Hollister, Inc.*, No. Civ. 04-1358, 2008 WL 2825045, at \*2 (E.D. Cal., July 21, 2008) (quoting *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, courts will defer

consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula*, 212 F.R.D. at 539 (citation omitted).

Neither Defendant contends that allowing Plaintiffs to amend the first amended complaint would cause undue prejudice or that Plaintiffs have exhibited undue delay or bad faith. Defendants' sole argument against granting leave to amend is futility. "In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006) ("Hynix's arguments should be addressed in a motion to dismiss or for summary judgment, not in an opposition to the present motion for leave to amend."). The Court finds that this procedure is appropriate in this case, provided Plaintiffs can demonstrate or adequately allege that they are the real parties in interest to assert the claims.

### B. Real Party in Interest

The filing of a bankruptcy petition creates an estate in bankruptcy. *See* 11 U.S.C. § 541(a); *In re Raintree Healthcare Corp.*, 431 F.3d 685, 688 (9th Cir. 2005). A bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "It is well settled that prepetition causes of action, including TILA claims, are assets included within the meaning of property of the estate." *Hernandez v. Downey Sav. & Loan Ass'n., F.A.*, No. 08-2336, 2009 WL 704381, at *3 (S.D. Cal., Mar. 17, 2009) (citing *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001); *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1453 (D. Haw. 1996)); *see also Cobb v. Aurora Loan Servs., LLC*, 408 B.R. 351, 354 (E.D. Cal. 2009) (same).

After filing a petition for Chapter 7 bankruptcy protection, a debtor "may not prosecute a cause of action belonging to the bankruptcy estate" because the bankruptcy trustee is the "real party in interest" with respect to such claims. *Hernandez*, 2009 WL 704381, at *5 (citing *Rowland*, 949 F. Supp. at 1454; *Griffin v. Allstate Ins. Co.*, 920 F. Supp. 127, 130 (C.D. Cal.

1996)); *see* Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."). "In order to circumvent this proscription, a debtor must either show that his or her claims are exempt from the bankruptcy estate or were abandoned by the bankruptcy trustee." *Cobb*, 408 B.R. at 354 (citing *Rowland*, 949 F. Supp. at 1453-54); *see also Runaj v. Wells Fargo Bank*, ---- F. Supp. 2d ----, No. 09cv1320, 2009 WL 3234182, at *6 (S.D. Cal., Sept. 30, 2009) ("[T]he Court finds Plaintiff is not a real party in interest to this case, as required by Rule 17. Therefore, Plaintiff is ordered to substitute or join the bankruptcy trustee, or show the trustee's ratification of this action, pursuant to the requirements of Fed. R. Civ. P 17(a)(3). Alternatively, Plaintiff may amend her complaint to allege her lawsuit is exempt from the bankruptcy estate or has been abandoned by the bankruptcy trustee....").

On September 11, 2009, Plaintiffs filed a bankruptcy case under Chapter 7 of the United States Bankruptcy Code. (Doc. # 16). On October 26, 2009, Plaintiffs requested an extension of time because "Plaintiffs counsel needs additional time to contact the Bankruptcy attorney handling the Plaintiffs' case to determine how to proceed in this matter." (Doc. # 18 at 2). Plaintiffs have not shown or alleged that, subsequent to the bankruptcy filing, they are the real parties in interest.

### III. Conclusion

IT IS HEREBY ORDERED that the Motions to Dismiss are **GRANTED**. (Doc. # 13, 15). The First Amended Complaint is **DISMISSED** without prejudice. The Motion for Leave to Amend is **GRANTED**. (Doc. # 21). No later than **forty-five (45) days** from the date this Order is filed, Plaintiffs may file a second amended complaint. If Plaintiffs fail to file a second amended complaint within forty-five days, the Court will order this case to be closed.

DATED: January 6, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge